NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NOEMY CAROLINA LUE DE CANO;
BRYAN ALEXANDER CANO LUE,

Petitioners,

v.

MERRICK GARLAND, Attorney General,

Respondent.

No.   19-71995

Agency Nos.   A208-870-228
              A208-870-229

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2021**
Las Vegas, Nevada

Before:  CLIFTON, NGUYEN, and BENNETT, Circuit Judges.

Petitioner Noemy Carolina Lue De Cano and her son Bryan, natives and

citizens of El Salvador, seek review of the decision of the Board of Immigration

Appeals ("BIA"), which affirmed the Immigration Judge's ("IJ") denial of their

asylum, withholding of removal, and protection under the Convention Against

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT") claims. We review legal questions de novo and the agency's factual findings for substantial evidence. *Lezama-Garcia v. Holder*, 666 F.3d 518, 524–25 (9th Cir. 2011). Because the BIA conducted a review of the record and law to consider the merits of Lue De Cano's and Bryan's claims—adding its own analysis in affirming the IJ's reasoning—we review both decisions. *See Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014). We deny the petitions for review because the BIA's and IJ's determination that there was no nexus between Lue De Cano's and Bryan's gang-related fears and either political opinion or membership in a particular social group is supported by substantial evidence. We also deny Bryan's petition for review for failing to state a cognizable protected social group. Finally, we deny the petition for review as to the CAT claims because Lue De Cano and Bryan were unable to show that public officials would acquiesce to their torture at the hands of Salvadoran gangs.

Lue De Cano grew up in a household with an abusive father, who sexually and violently abused her, her mother, and her sisters until his death in 2005. Lue De Cano was also a victim of gang-related violence and sexual abuse, including an abduction and rape in 2004 by a member of the MS-13 gang. The gang also threatened her and her family.

Lue De Cano met her husband, Jose Cano Garcia, before graduating high school. Their son Bryan was born in 2007. Jose joined the Salvadoran armed forces

in 2010 and served until 2012. The gang did not contact Lue De Cano and Jose during that time, and for a few years after. However, in 2015, relatives of gang members began bullying Bryan (then seven years old), and, on one occasion, a neighborhood child (whom Lue De Cano believed was gang affiliated) assaulted Bryan. MS-13 gang members also threatened to recruit Bryan when he reached the age of ten. During this time, gang members also extorted Lue De Cano and threatened to kill her.

Gangs continued to threaten Lue De Cano, prompting her to tell Jose that she intended to flee El Salvador with Bryan. Jose decided to stay and reenlisted in the military to work in the unit investigating gangs. The gangs attempted to extort Jose before he reenlisted, but there is no evidence that they have harmed Jose thereafter. Lue De Cano believed they stopped targeting Jose because he was armed and in uniform. Lue De Cano and Bryan arrived in the United States in 2016, and the government then commenced removal proceedings against them.

Before the IJ, Lue De Cano based her asylum claim on three social groups to which she claimed she belonged: "(1) an unprotected female resistant to the MS[-]13 gang, (2) as a family member of a soldier within the Salvadoran armed forces, and, for her imputed political opinion, to wit, (3) as opposed to the forced recruitment of her child into the MS[-]13." She based Bryan's asylum claim on two social groups: "(1) an intended child recruit, having defected by action of his mother, from

inevitable recruitment by the MS[-]13, and (2) as derived from his mother."[1]

The harm Lue De Cano suffered was real, grave, and tragic, but substantial evidence supports the determination that she was the victim of general gang violence and crime, and the harm she suffered was not on account of a protected ground. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) (observing that indiscriminate violence is insufficient for asylum purposes, unless the noncitizen is singled out on account of a protected ground). Substantial evidence supports that the gang extortion, sexual violence, and other gang-related crime was not motivated by Lue De Cano's status as an "unprotected female," her alleged imputed political opinion against her son's recruitment to the gang,[2] or by the fact that Jose was in the military. Lue De Cano has also failed to prove any future harm she fears will be on account of a protected ground. Given that nexus is necessary for both asylum and withholding of removal applications, both of Lue De Cano's claims fail.[3]

---

[1] Elizabeth G. Kennedy testified for Petitioners as an expert with respect to the state of gang violence in El Salvador. The IJ found Ms. Kennedy not credible, but the BIA did not base its decision on that finding, noting that "[i]rrespective of [Ms. Kennedy's] credibility, [Lue De Cano and Bryan] did not meet their burdens of proof." Because the BIA did not address arguments related to Ms. Kennedy's testimony, neither do we.

[2] We also agree with the BIA that Lue De Cano presented no evidence that she voiced a political opinion in opposition to gangs generally, or MS-13 or Calle 18 specifically.

[3] We need not address the BIA's additional holdings because Lue De Cano's and Bryan's applications cannot succeed absent evidence establishing a nexus between the alleged harm and the alleged protected grounds.

Bryan's derivative claim also falls with Lue De Cano's claims. *See* 8 U.S.C. § 1158(b)(3). With respect to Bryan's asylum and withholding of removal claims predicated on his likely eventual recruitment to a gang, those claims must be rejected because, as the BIA determined, resistance to gang membership is not a protected ground. *See Barrios v. Holde*r, 581 F.3d 849, 855 (9th Cir. 2009) (holding that young men in Guatemala who resist gang recruitment was not a cognizable social group), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

We also deny the petitions for review with respect to Lue De Cano's and Bryan's CAT claims because substantial evidence supports the BIA's determination that they were unable to show consent or acquiescence of El Salvadoran public officials as to any alleged torture they would experience upon their return. Government acquiescence to torture by private persons requires that the public officials remain willfully blind to torturous conduct. 8 C.F.R. § 1208.18(a)(7). "[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice" and the government's "inability to bring criminals to justice is not evidence of acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Here, substantial evidence supports the BIA's determination that the government of El Salvador is working to combat gang violence albeit with mixed success. Nothing in the record compels a contrary conclusion.

**PETITIONS FOR REVIEW DENIED.**